IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN F. BIG LEGGINS, JR.
No. 09808-046,

      Petitioner,

      vs.

J. S. WALTON,

      Respondent.                       Civil No. 13-cv-765-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner John F. Big Leggins, Jr. is currently incarcerated in the United States Penitentiary at Marion, Illinois. On July 29, 2013, Big Leggins filed two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court. *See also Big Leggins v. Walton*, Case No. 13-cv-00764-DRH (S.D. Ill. July 29, 2013) (challenging conviction and sentence in *United States v. Big Leggins*, No. 07-cr-00072-SEH (D. Mont. Dec. 18, 2007)). The instant petition challenges Big Leggins' conviction and sentence for aggravated sexual abuse in *United States v. Big Leggins*, No. 07-cr-00114-SEH (D. Mont. July 31, 2008).

## Background

Big Leggins pleaded guilty in 2007 to one count of aggravated sexual abuse, in violation of 18 U.S.C. §§ 1153 and 2242(a)(1). *See United States v. Big Leggins*, No. 07-cr-00114-SEH (D. Mont.) (Doc. 26). At the time, he was represented by counsel. Soon after filing a plea agreement, Big Leggins filed a

motion to withdraw his guilty plea (*Id.*; Docs. 37, 49). The district court denied the motion following a hearing. Big Leggins was sentenced to 405 months' imprisonment, followed by a lifetime term of supervised release as a sex offender. The sentence ran consecutive to a sentence imposed for an arson conviction in *United States v. Big Leggins*, No. 07-cr-00072-SEH (D. Mont.).

With the assistance of new counsel, Big Leggins filed a direct appeal to challenge his sentence. *See United States v. Big Leggins*, No. 08-30314 (9th Cir. Apr. 9, 2010). On appeal, he argued that the district court erred, first, in refusing to seal a psychosexual report submitted by the defense for consideration in sentencing and, second, in imposing an unreasonable 405-month sentence. The Court of Appeals for the Ninth Circuit affirmed the sentence on appeal.

Big Leggins proceeded without representation in filing a motion to challenge his conviction and sentence under 28 U.S.C. § 2255. *See United States v. Big Leggins, Jr.*, No. 07-cr-00114-SEH (D. Mont.) (Doc. 117). In the motion, Big Leggins claimed that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by lying about the investigation of his case. He also claimed that the district court made three errors in sentencing him: (1) the life term of supervised release was not authorized under U.S.S.G. § 5D1.2(b)(2); (2) the United States breached the plea agreement at sentencing; and (3) the upward adjustments assessed against him should have been established by clear and convincing evidence rather than a preponderance of the evidence.

The district court dismissed the § 2255 motion as frivolous. *See United*

*States v. Big Leggins, Jr.*, No. 07-cr-00114-SEH (D. Mont.) (Doc. 120). The court held that Big Leggins procedurally defaulted on the sentencing issues because he failed to raise them on direct appeal (*Id.*; Doc. 119). The court allowed Big Leggins an opportunity to demonstrate valid cause and actual prejudice for failing to raise these issues on appeal. However, Big Leggins failed to respond to this directive. With regard to the Sixth Amendment claim based on ineffective assistance of counsel, the court conducted a review of the record and held that Big Leggins raised "no 'real possibility' of [a] constitutional error" (*Id.*; Doc. 120, p. 5).

**<u>The Petition</u>**

This petition followed. Big Leggins challenges his sentence and conviction based on the ineffective assistance of his counsel (Doc. 1). In the petition, Big Leggins argues that: (1) counsel failed to conduct a pre-hearing investigation or produce evidence of his actual innocence at the hearing on his motion to withdraw his guilty plea; (2) counsel failed to file a timely notice of appeal of the order denying the motion; and (3) counsel prejudiced him by introducing an expert report that enhanced the government's sentencing case against him (Doc. 1, pp. 6, 16).

Big Leggins now seeks remand of his case to the district court for further proceedings (Doc. 1, p. 25). He seeks the appointment of counsel, revocation of his supervised release, and cancellation of his sex offender treatment. He also seeks to invalidate the evidentiary threshold used to impose his 405-month sentence. Finally, he seeks an order directing federal, state and tribal courts to

"quash" his records, DNA data, and fingerprints.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). In the petition, Big Leggins does not challenge the circumstances of his confinement. Rather, he challenges the validity of his conviction and sentence, based on the ineffective assistance of his counsel. Despite his attempt to cast his pleading as a § 2241 claim, however, the petition clearly involves a collateral attack on his federal conviction.

Ordinarily, a person may challenge his federal conviction only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. A petition filed under 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241, if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski*, 13 F.3d at 1080 (A "prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Big Leggins previously pursued relief under 28 U.S.C. § 2255. He is now barred from pursuing further relief under that section, unless he first obtains permission from the Court of Appeals to bring a second or successive motion or his case presents one of the few circumstances in which petitioners may seek collateral relief under 28 U.S.C. § 2241. *Gray-Bey v. United States*, 209 F.3d 986, 988-90 (7th Cir. 2000); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

Section 2255 permits a court to authorize a second petition under that section, if the motion identifies "newly discovered evidence establishing his innocence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(2); *Gray-Bey*, 209 F.3d at 988. Big Leggins' stated reasons for seeking relief through the present petition are his "actual innocence," a "recent and new case that was foreclosed by circuit law at the time of Petitioner[']s trial, appeal or first § 2255," and "newly discovered evidence that was not available during the filing of [his original § 2255 motion] rendering it inadequate to test [his] actual innocence claim pursuant to a *Bailey* claim" (Doc. 1, pp. 4-5). All of these reasons support Big Leggins' application for a second petition for relief under § 2255.

Further, the fact that Petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions

does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactively by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

Petitioner fails to satisfy the requirements of *In re Davenport*. Although he alludes to a "recent and new case that was foreclosed by circuit law at the time of Petitioner[']s trial, appeal or first § 2255," the only case name he discloses is "*Bailey*" (Doc. 1, pp. 4-5). However, he provides no citation for this case, or any argument why it applies to the present petition. Further, to the extent Big Leggins refers to *Bailey v. United States*, 516 U.S. 137 (1995), that decision was issued in 1995 and was certainly available to Big Leggins during his 2007 guilty plea, his 2008 sentencing, his direct appeal, and his original § 2255 motion.

It appears that § 2255 is neither inadequate nor ineffective to test the validity of Big Leggins' conviction and sentence. The district court already granted Big Leggins an opportunity to do so, despite having procedurally defaulted on

some of his claims.  The court gave him an opportunity to demonstrate valid cause and actual prejudice for failing to raise on appeal those challenges he set forth in his § 2255 motion.  Plaintiff failed to respond, and the district court dismissed his original § 2255 motion as frivolous.  Despite this fact, Big Leggins can still seek permission from the Court of Appeals for the Ninth Circuit to file a second § 2255 motion.  Consistent with *In re Davenport*, he cannot avoid the procedural limitations and requirements attendant to § 2255 motions by now raising a challenge to his conviction and sentence under § 2241.  *Davenport*, 147 F.3d 605 (7th Cir. 1998).  Accordingly, the petition shall be dismissed with prejudice.

**Disposition**

IT IS HEREBY ORDERED that this action is summarily **DISMISSED** on the merits with prejudice.

**IT IS SO ORDERED.**

Signed this 21st day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.21 15:35:25 -05'00'

**Chief Judge**
**United States District Court**